24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose De Jesus FLORES-MARTINEZ, Defendant-Appellant.
 No. 93-30289.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 16, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose de Jesus Flores-Martinez appeals his conviction following entry of a conditional guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). Martinez was convicted after this court vacated the district court's suppression order in United States v. Flores-Martinez, 972 F.2d 1100 (9th Cir.1992) and remanded for further fact-finding on the motion to suppress. Martinez contends that federal agents violated his Sixth Amendment rights by interrogating him without the presence of counsel after Martinez had requested counsel during previously-dismissed state proceedings on charges arising from the same incident. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * BACKGROUND
 
 
 4
 Martinez was arrested in March 1990 and was subsequently charged in the Circuit Court for Wasco County, Oregon with possession of a firearm by a convicted felon, theft of a firearm, and possession of a controlled substance. At his arraignment, he requested an attorney. The state charges were dismissed, however, so no attorney was appointed. Martinez remained in state custody because his pre-existing parole had been revoked as a result of his arrest.
 
 
 5
 On September 4, 1990, two days before the scheduled termination of his custody for his parole violation, a federal criminal complaint was filed against Martinez alleging possession of a firearm by a convicted felon. On September 6, state authorities released him into federal custody. The federal agents advised Martinez of his Miranda rights, which he waived, and then questioned him about the gun at issue. During that interrogation, Martinez admitted that he had knowingly purchased the handgun and Martinez executed an affidavit to that effect. On the same day, Martinez made his first appearance in federal court and counsel was appointed. After he was indicted, Martinez moved to suppress his statement to the federal agents, arguing that their initiation of interrogation after his request for counsel on the state charges violated his rights under the Fifth and Sixth Amendments. No evidence was introduced about the relationship between the state and federal investigations. The district court granted Martinez's motion.
 
 
 6
 On appeal, this court vacated the district court's order to suppress the statements, and remanded solely for further fact-finding regarding whether state and federal officials colluded to circumvent Martinez's Sixth Amendment rights. Id. at 1105-1106. On remand, the district court found that state and federal authorities did not collude to circumvent Martinez's rights and denied Martinez' motion to suppress.
 
 II
 DISCUSSION
 
 7
 We review a district court's decision on a motion to suppress de novo, but we review factual findings made at the suppression hearing for clear error. United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992).
 
 
 8
 Martinez contends that this court's holding on his first appeal required, for a Sixth Amendment violation, only "some degree of coordination between state and federal authorities, but not necessarily a 'collusion to deprive Mr. Martinez of his rights.' " This is incorrect. We remanded for a determination of whether the state-federal cooperation was of such a nature and extent as to "amount to collusion to circumvent Martinez's Sixth Amendment rights." Martinez, 972 F.2d at 1105-1106. The district court was therefore correct in applying that standard.
 
 
 9
 The district court's finding, moreover, that the federal-state cooperation did not amount to collusion to circumvent Martinez's Sixth Amendment rights was not clearly erroneous. The district court followed this court's guidelines setting forth a non-exhaustive list of factors appropriate for a determination regarding collusion:
 
 
 10
 the degree of participation, if any, in the state's decision to dismiss its charges; the degree of state participation, if any, in the decision of federal officers to interrogate and charge Martinez; and the degree of joint decisionmaking over the forum in which Martinez should be prosecuted.
 
 
 11
 Id. at 1105-1106. The district court noted that awareness of the potential federal prosecution may have made dismissing the state charges easier for Wasco County Deputy District Attorney Jeffrey Kolbe, but concluded that such awareness did not show collusion between state and federal authorities. The district court properly relied on evidence that federal agent Michael Stewart's decision to interrogate Martinez was an impromptu decision, occurring while Stewart was transporting Martinez after Stewart realized that Martinez spoke some English. The district court also properly relied on the absence of any evidence that federal agents knew that Martinez had previously invoked his Sixth Amendment right to an attorney. Kolbe's testimony that he most likely would have dismissed the state case even if he was not aware of the federal interest, and his testimony that he never communicated with any federal prosecutor, agent, or official regarding Martinez's case further support the conclusion that there was no collusion between state and federal authorities.
 
 
 12
 Accordingly, the district court did not clearly err in finding no collusion.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3